885 F.2d 872
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Annie B. VINCENT, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 88-4108.
 United States Court of Appeals, Sixth Circuit.
 Sept. 26, 1989.
 
 Before KENNEDY and WELLFORD, Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Petitioner Annie Bell Vincent appeals the decision of the United States Department of Labor, Benefits Review Board ("Board") affirming summary judgment of her black lung benefits claim for survivor's benefits, as widow of her deceased husband. The claim was denied by an Administrative Law Judge ("ALJ") pursuant to 20 C.F.R. Sec. 725.309(d).[1] The Board affirmed the ALJ's order holding that petitioner's claim was barred by a previously-denied claim under Sec. 725.309(d). We affirm the Board's decision.
 
 
 2
 Petitioner's husband, Willard Vincent, was a miner who filed a black lung benefits claim on April 23, 1975. That claim was denied September 9, 1976. After his death in 1977, petitioner filed a survivor's application for benefits on February 13, 1978 and again on October 2, 1979. These claims were denied on February 8, 1980 and petitioner took no further action with respect to them. Petitioner filed the instant claim for survivor's benefits on November 9, 1983. It was denied by the Department of Labor on February 16, 1984 and February 4, 1985. The deputy commissioner found that in addition to failing to show entitlement based on medical evidence, petitioner's 1983 claim was not a request for modification of the 1980 denial and therefore dismissed it under Sec. 725.309(d). Petitioner requested and received a hearing before the Office of Administrative Law Judges. The Director's motion for summary judgment based on the 1980 denial of benefits was granted. That judgment was affirmed by the Board, and petitioner appeals that decision.
 
 
 3
 Under section 309(d), a claimant's subsequent claim for benefits must be denied if a prior claim has been denied unless the deputy commissioner determines that the later claim is in fact a request for modification of the earlier claim under section 310. Petitioner abandoned her 1980 claim by failing to take further action after it was denied. See 20 C.F.R. Sec. 410(c)(1). Her later 1983 claim cannot reasonably be construed as a request for modification of the first claim, since she had no communication with the deputy commissioner before filing the second claim three years later. Cf. Morgan v. Dir., OWCP, No. 88-3742 (6th Cir. Aug. 25, 1989) (unpublished opinion). Section 310 allows modification only up to one year after the initial denial. Thus, because the 1983 claim was not a request for modification of the 1980 claim, it is controlled by section 309(d) and must be denied. Finding no error by the Board with respect to this procedural basis for dismissing petitioner's claim, we need not consider petitioner's other argument that sufficient evidence existed to support entitlement to black lung benefits.
 
 
 4
 Accordingly, the judgment of the Board is AFFIRMED.
 
 
 
 [1]
 That section provides that:
 In the case of a claimant who files more than one claim for benefits under this part, the later claim shall be merged with the earlier claim for all purposes if the earlier claim is still pending. If the earlier miner's claim has been finally denied, the later claim shall also be denied, on the grounds of the prior denial, unless the deputy commissioner determines that there has been a material change in conditions or the later claim is a request for modification and the requirements of Sec. 725.310 are met. If an earlier survivor's claim filed under this part has been finally denied, the new claim filed under this part shall also be denied unless the deputy commissioner determines that the later claim is a request for modification and the requirements of Sec. 725.310 are met.